David J. Miclean (SBN 115098)
dmiclean@micleangleason.com
Carmen M. Aviles (SBN 251993)
caviles@micleangleason.com
MICLEAN GLEASON LLP
411 Borel Avenue, Suite 310
San Mateo, CA  94402
Office:  (650) 684-1181
Fax:  (650) 684-1182

Attorneys for Plaintiff
ALTERG, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTERG, INC.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ERIK B. CHERDAK.,<br><br>　　　　　Defendant | Case No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff, AlterG, Inc. ("AlterG"), for its complaint against Defendant Erik B. Cherdak ("Cherdak"), alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* AlterG seeks a declaration of non-infringement of U.S. Patent Nos. 5,343,445 ("the '445 patent") and 5,452,269 ("the '269 patent") (collectively, "Patents-in-Suit").

## THE PATENTS-IN-SUIT

2. The '445 patent, entitled "Athletic Shoe with Timing Device," issued August 30, 1994, from U.S. Patent Application No. 85,936 filed July 6, 1993. The '445 patent expired on July 6, 2013. A true and correct copy of the '445 patent is attached hereto as **Exhibit 1.**

3. The '269 patent, entitled "Athletic Shoe with Timing Device," issued on September 19, 1995, from U.S. Patent Application No. 297,470 filed on August 29, 1994. The '269 patent expired on July 6, 2013. A true and correct copy of the '269 patent is attached hereto as **Exhibit 2.**

## PARTIES

4. Plaintiff, AlterG, is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located at 48438 Milmont Drive, Fremont, California 94538.

5. Upon information and belief, Defendant, Cherdak, resides at 149 Thurgood Street, Gaithersburg, Maryland 20878.

6. Upon information and belief, Defendant Cherdak is the exclusive owner of all right, title, and interest in the patents-in-suit.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 (a), and 1367 because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, with a specific remedy sought based upon the laws authorizing

actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, the basis for which is fully set forth below.

8. This Court has personal jurisdiction over Mr. Cherdak pursuant to the laws of the State of California, including California's long-arm statute and California Code of Civil Procedure § 410.10 because, upon information and belief, Mr. Cherdak regularly conducts business in this judicial district. In particular, upon information and belief, Mr. Cherdak is in the business of licensing the Patents-in-Suit in this judicial district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Mr. Cherdak is doing business in this judicial district, and, in particular, Mr. Cherdak has attempted to license the Patents-in-Suit in this judicial district.

## THE SUBSTANTIAL CONTROVERSY BETWEEN THE PARTIES

10. Mr. Cherdak is a non-practicing holder of the Patents-in-Suit. Mr. Cherdak sent a letter correspondence to AlterG dated March 28, 2016 (**Exhibit 3**), communicating its success in enforcing its Patents-in-Suit against other companies. In the letter, Mr. Cherdak listed other commercial entities that have entered into licenses. Mr. Cherdak's letter stated that AlterG could take a license of the Patents-in-Suit or be subject to an enforcement action against it. Mr. Cherdak attached a draft complaint.

11. Mr. Cherdak acknowledges an awareness of AlterG's business activities allegedly related to the Patents-in-Suit, because he enforced his patents against other companies with alleged similar products.

12. AlterG has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents.

13. By virtue of the foregoing, a substantial controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

## COUNT I
### (DECLARATION OF NON-INFRINGEMENT OF THE '445 PATENT)

14. AlterG realleges and incorporates by reference the allegations in paragraphs 1-13 above.

15. There is a real, immediate, substantial, and justiciable controversy between AlterG and Mr. Cherdak to warrant the issuance of a declaratory judgment.

16. A judicial declaration is necessary and appropriate so that AlterG may ascertain its rights regarding the '445 patent.

17. AlterG is entitled to a declaratory judgment that it has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '445 patent.

18. This controversy is appropriate for specific relief through a decree of a conclusive character.

### COUNT 2
### (DECLARATION OF NON-INFRINGEMENT OF THE '269 PATENT)

19. AlterG realleges and incorporates by reference the allegations in paragraphs 1-18 above.

20. There is a real, immediate, substantial, and justiciable controversy between AlterG and Mr. Cherdak to warrant the issuance of a declaratory judgment.

21. A judicial declaration is necessary and appropriate so that AlterG may ascertain its rights regarding the '269 patent.

22. AlterG is entitled to a declaratory judgment that it has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '269 patent.

23. This controversy is appropriate for specific relief through a decree of a conclusive character.

### COUNT 3
### (DECLARATORY JUDGMENT OF UNENFORCEABILITY DUE TO LACHES)

24. AlterG realleges and incorporates by reference the allegations in paragraphs 1-23 above.

25. On information and belief, Mr. Cherdak has been, or should have been, aware of AlterG's website, products, and services for many years.

26. On information and belief, Mr. Cherdak delayed in bringing a patent infringement lawsuit against AlterG.

27. Mr. Cherdak references companies such as Hangar, Inc. and Bioness, Inc. in its

letter, both companies that provide orthotic and prosthetic solutions to customers, similar to AlterG. Mr. Cherdak alleges that Bioness, Inc.'s products and AlterG's products were sold and used side-by-side. Mr. Cherdak filed suit at least against Hangar, Inc. in 2013.

28. On information and belief, this delay is unreasonable and unexcused.

29. Mr. Cherdak's delay has caused economic and evidentiary prejudice to AlterG.

30. Mr. Cherdak is barred in whole or in part from enforcing the Patents-in-Suit, or otherwise barred from obtaining damages for any alleged infringement of the Patents-in-Suit.

31. As a result of the acts described in the foregoing paragraphs, a substantial controversy exists of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

32. A judicial declaration is necessary and appropriate so that AlterG may ascertain its rights regarding Mr. Cherdak's ability to enforce the Patents-in-Suit or otherwise recover for any alleged infringement of the Patents-in-Suit.

## PRAYER FOR RELIEF

WHEREFORE, AlterG prays for the following relief:

1. That AlterG's products or services do not infringe any claims of the Patents-in-Suit;

2. A declaration that any damages Mr. Cherdak claims are barred in whole or in part by the doctrine of laches;

3. An order declaring that AlterG is a prevailing party and that this is an exceptional case awarding AlterG its costs, expenses, disbursements, and reasonable attorneys' fees under 35 U.S.C. § 285, and all other statutes, rules, and common law; and

4. That Mr. Cherdak is ordered to pay all costs associated with this action; and

5. That AlterG be granted such other and additional relief as the Court deems just and proper.

**JURY DEMAND**

AlterG demands a trial by jury on all issues presented in this Complaint.

Dated: April 4, 2016

Respectfully Submitted,
MICLEAN GLEASON LLP

By: _____
David J. Miclean
Carmen M. Aviles
Attorneys for Plaintiff AlterG, Inc.